PATERSON PARCHMENT PAPER CO. v.
INTERNATIONAL BROTHERHOOD
OF PAPER MAKERS et al.
Civil Action No. 8976.

United States District Court
E. D. Pennsylvania.
March 10, 1949.

George E. Beechwood, of Philadelphia, Pa., for plaintiff.

Louis H. Wilderman, of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This is a suit by an employer against a union for breach of a collective bargaining agreement. Jurisdiction is conferred upon the Court by virtue of Section 301 of the Labor Management Relations Act of 1947, 61 Stat. 136 et seq., 29 U.S.C.A. § 185. Briefly, plaintiff avers that while a collective bargaining agreement ·between it and defendant was in force, defendant on August 20, 1948, "ordered and permitted" a strike in violation of the agreement. As a result, plaintiff alleges it suffered damages of $336,500. Attached to the complaint is a copy of the agreement and two letters. Defendant has filed a motion to dismiss, contending that the contract was not in force at the time of the strike.

Section 15 of the agreement provided:

"This agreement ·shall be in effect from August 15, 1947 to August 15, 1948 and thereafter from year to year, provided, however, that either party may terminate the same on not less than sixty (60) days written notice given to the other prior to the anniversary date.

"However, should there be a delay in negotiating the new agreement, this agreement shall remain in full effect until such time as the new agreement is completed."

The letters attached to the complaint were as follows:

"June 1, 1948

"International Brotherhood of Paper Makers,
"930 City Center Building,
"Philadelphia 7, Pennsylvania.

"Mr. King Evans, Personnel Manager,
"Paterson Parchment Paper Company,
"Bristol, Pennsylvania.

"Dear Mr. Evans:
"This letter is to serve as notification in compliance to the sixty days notice stipulation in our contract that Bristol Local # 500 desires a meeting with the Company for the purpose of discussing changes in the contract for the coming year.

"Will you kindly let me know as soon as possible the date and the place most convenient for you to meet with the Union Committee and a representative of the Union so that this contract can be concluded by the expiration date.

"With best wishes, I am

"Very truly yours,

"/s/ R. E. Daggett

"R. E. Daggett, Regional Director International Brotherhood of Paper Makers."

June 7, 1948

"Mr. R. E. Daggett, Regional Director
"International Brotherhood of Paper Makers
"930 City Centre Building
"Philadelphia, Pennsylvania

"Dear Mr. Daggett:

"We have your letter of June 1 addressed to Mr. King Evans requesting a meeting with the Company for the purposes of discussing changes in the contract for the coming year.

"The Company will be very glad to meet with you at 10:30 A. M. on June 15, this being the earliest possible date that we can all get together, and I hope this will meet with your approval. If not, please suggest to us another date not earlier than the 15th.

"Kindest regards.
"Very truly yours,
"Paterson Parchment Paper Company

"Assistant General Manager"

On its motion to dismiss, defendant's position is, first, that the first letter constituted notice and prevented the automatic renewal of the contract; and, second, that because of the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq., the contract could not renew itself in toto, and, therefore, was not automatically renewed at all.

■■■ The wisdom of applying strict motions of contract law to the sphere of labor management relations is debatable. Cf. Chamberlain, Collective Bargaining and the Concept of Contract, 48 Col.L.Rev. 829. Doing so on the spare record presented on this motion to dismiss is even more questionable. Plaintiff has buttressed his contention that the contract was in force on August 20th with state and federal cases, one of them quite recent, where similar situations were involved. Cf. Mountain States Division No. 17, Communications Workers of America v. Mountain States Telephone & Telegraph Co., D. C., 81 F.Supp. 397; Oil Workers International Union v. Texoma Natural Gas Co., 5 Cir., 146 F.2d 62; Parker v. First Trust & Savings Bank, 9 Cir., 266 F. 961; Star-Chronicle Publishing Co. v. United Press Associations, 8 Cir., 204 F. 217. However, the National Labor Relations Board has held many times that notice of a desire to modify a contract may forestall its automatic renewal, at least as against the request of a rival union for an election. Cf. Worthy Paper Co. Association, 80 N.L.R.B., No. 7; Castle Dome Copper Co., 80 N.L.R.B., No. 1; Great Bear Logging Company, 59 N.L.R.B. 701; American Woolen Company, 57 N.L.R.B. 647. In fact, the Board has so held, in the alternative, in a proceeding before it involving this correspondence and these parties. Paterson Parchment Paper Company, Case No. 4–RC–199. It is true that these cases involved the effect of an agreement upon the rights of another union and not the rights

930

of the parties to the agreement, as between themselves. Moreover, construing the terms of a labor agreement, as with any other contract, is essentially a judicial function. Cf. Aluminum Co. of America v. N.L.R.B., 7 Cir., 159 F.2d 523; Louis Meier and Co. v. N.L.R.B.[1] However, the position of the Board at least gives me pause on a motion to dismiss. It may well be that the usage of the parties or a custom in the industry will determine the issue here. Certainly usage may be important in interpreting the requirement of "written notice" in a formal contract. Cf. Restatement, Contracts, Sec. 245 et seq. See Burton v. Oregon-Washington R. & Nav. Co., 148 Or. 648, 38 P.2d 72, 73, 74. Its significance must at least be as great where the contract is as living and changing a thing as a collective bargaining agreement. And some of the problems raised by such an inquiry would be questions of fact, Williston, On Contracts, Sec. 662, not properly resolved on a motion to dismiss. In addition, the record discloses nothing as to any meetings or conferences between the parties during the period from the first letter to the strike. If such there were, they may be highly significant under the theory of some of the Board decisions referred to above; i.e., the extent of the modifications sought may indicate desire to terminate. All in all, I feel that deciding now the issue raised by defendant's first argument in support of its motion would not only be unwise, but probable reversible error, as well.

Defendant's second argument in support of its motion to dismiss is less forceful, I feel, though it, too, should not be decided on this sparse record. It contends that since the union security and check-off provisions of the contract were illegal under the Labor Management Relations Act of 1947, the contract as a whole could not have automatically renewed itself. If defendant means that as a matter of law, the contract would have to be void, I cannot agree. It is true that this circumstance has been held by the Board to remove the contract as a bar to a representation election. Cf. Ball Brothers Co. of California, Inc., 80 N.L.R.B., No. 201.

But that situation involved the rights of third parties; whether or not the illegality of such a clause would nullify the rights and liabilities of the parties between themselves is another matter, depending, I feel, upon their intent, and the seriousness of the illegality involved. Cf. Restatement, Contracts, Sec. 603. As to the latter, it is pertinent that neither the union security nor check-off provisions in this agreement are necessarily illegal under the Labor Management Relations Act. As to the former, whether the issue of separability is a matter for a court or a jury. (Cf. Williston, On Contracts, Sec. 862 fn. 6; In the Matter of Kellett Aircraft Corporation, 3rd Cir., 172 F.2d 689). I think it should be determined on the fullest record possible. Accordingly, therefore, I shall deny the motion to dismiss on both grounds without prejudice to defendant's right to raise his objections at a later stage in the proceedings.

---

[1] No opinion for publication.